Nott, Oh. J.,
delivered the opinion of the court:
These are suits brought to recover the oue month’s extra pay allowed to mail contractor's for service “dispensed with” before the termination of the contract. Price was the contractor upon two routes and Devine, a subcontractor undei him, upon one of them. That route was the one between San Antonio and Corpus Ohristi. The other, in which the administrator of Price only is interested, was that between Monroe and Shreveport, La. It appears that on the 18th July, 1879, Postmaster-General Brady ordered that the service on this last route be expedited so as to decrease the running time from thirty-six to twenty-nine hours each way. The compensation for the original service was $9,380 per annum and for the expedited service $22,367; that is to say, for reducing the running time on the route seven hours the contractor was to receive $12,987. On the 25th April, 1881, Postmaster-General James restored the original contract schedule time at the original compensation. According to the terms of the contract one month’s extra pay for the service dispensed with, viz, $1,623.38, was to go to the contractor as liquidated damages.
On the 20th March, 1878, a similar contract was entered into by Price to carry the mails from San Antonio to Corpus Ohristi twice a week for $2,733 per annum. On the 26th August, 1878, Postmaster-General Brady increased the service to six times a week and for the increase allowed the contractor $5,466 per annum, “with the understanding that this increase is only temporary, and that the Department may reduce the service to twice a week without the allowance of one month’s extra pay on the amount deducted.”
On the 18th July, 1879, Postmaster-General Brady expedited the service from forty to twenty-nine and one-half hours, and allowed $20,204 additional pay for this reduction in time. On the 10th January, 1882, Postmaster-General Howe ordered that the original time be restored at the original compensation and that the service be reduced to three times a week, no allowance of extra pay to be made on account of expedition of service dispensed with.
The defense in the case of Price rests upon an affidavit made by him on the 19th April, 1884, to be used in criminal proceedings then pending. In that affidavit he states, with great fullness and particularity, that while his application was pending *242 in the Post-Office Department for the expedition of the service on both of the before designated routes, he offered $20,000 to a person, whom it is needless to name, to secure the proposed expedition on both routes, and that on the expedition being ordered lie paid the money, partly in cash and partly in drafts and notes which were subsequently paid.
As regards the contractor, Price, the court is of the opinion that this act of his rendered the expedited service contra bonos mores and against public policy. Whether the money went farther than the person who received it; whether it was divided with officials in the Post-Office Department, the court does not inquire. It is sufficient to know that the expedited service was not ordered in conformity with the petition of inhabitants along the post-office routes until the money was promised, and that it was ordered immediately after that arrangement had been made, and that the money was paid so soon as the expedition was secured. This court has always regarded the Government as somewhat in the character of a ward, and its officers in the character of its guardians, and it has never given effect to a contract where it appeared that the contractor had directly or indirectly, by direct bribes or corrupt influences, sought to impair the good faith of the guardian. The corrupt purchase of political or personal influence is more insidious, and in its result as bad as direct bribery. Whoever has business dealings with a trustee, a guardian, an executor, or officers of the Government can sway them by no influence which will be prejudicial to the interests of the cestui que trust.
The contractors administrator, the present claimant, has produced an affidavit made by the person whom Price charged with receiving $20,000, in which he denies the allegations of his affidavit. But the court can not enter upon the trial of such an issue. The affidavit of the contractor is an admission against himself. Admissions are, generally speaking, the weakest form of evidence, to be received by courts with more or less distrust; but a written admission in the form of a sworn affidavit to be used in pending criminal proceedings, wherein everything charged is stated with the greatest particularity, is as solemn a declaration as it is possible for a man to make. For the purposes of this case everything set forth in the affidavit of the contractor must be regarded by this court as true as against himself. The petition in his case must be dismissed.
As regards the claimant, Devine, the court has reached a *243 different conclusion. Tbe contract was sublet to him on the 3d September, 1880, more than a year after the expedition had been ordered. He performed the service, apparently, in good faith, and was not chargeable with notice of the corrupt and fraudulent practices which had secured it. No reason appears in the record why he should not recover his proportionate share of the one month’s extra pay for the expedited service when it was discontinued.
The suit was originally brought by the contractor, Price, suing both for himself and to the use of the subcontractor. Subsequently, by order of the court, the suit was severed and the subcontractor filed his separate petition. The original suit was begun before the claim was barred by the statute of limitations. The separate petition of Devine was filed more than six years after the claim, had accrued. On this record the defendants raise the objection that the now separate suit of the subcontractor can not be maintained. It is thought by the court that this objection must be overruled. Both suits rest upon the same contract and spring out of the same transaction. In a common-law court the action for the subcontractor would have been rightly brought, as it was, in the name of the contractor to the use of the assignee; but under the Act of 17th ’May, 1878 (20 Stat. L., p. 61, sec. 3), the several interests of mail-transportation subcontractors are recognized by law, and in certain cases, of which this is one, a subcontractor’s interests maybe so far severed from the contractor’s that he will be entitled to payment directly from the Government. A condition to this severance is that the original contractor has not paid the amount due under his contract to the subcontractor. The contractor in this case has not paid the subcontractor the money due to the latter from the Government, and it appears to the court immaterial, so far as the rights of the Government are involved, whether recovery be indirectly through the contractor or directly by the subcontractor. The statute of limitations ceased to run when a suit was brought by either. The severance of the suit was a mere matter of legal procedure ordered by and within the discretion of the court, and affected no legal right of any party.
In the case of John E. Garmen, administrator of Price, the judgment of the court is that the petition be dismissed.
lu the case of Thomas N. Devine the judgment of the court is that the claimant recover $918.66.